Filed 5/18/23  In re R.G. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re R.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>R.G.,<br><br>        Defendant and Appellant. | A165119<br><br>(Contra Costa County<br> Super. Ct. No. J22-00041) |

R.G. appeals from the juvenile court's dispositional order sustaining a wardship petition for felony possession of a gun in a school zone.  Appellant contends the juvenile court erred by admitting a statement that was made to police officers without a *Miranda*[1] warning.  We are not persuaded and thus affirm.

## I.  BACKGROUND

A student at appellant's high school texted his father a screenshot of an Instagram post that showed two students with guns in a bathroom at the school.  The father called the police.  The police showed the screenshot to

_____

[1]  *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

school staff, who identified appellant as one of the two students in the photo. The staff informed the police that appellant and the other student in the post were scheduled to be in gym class. The police placed the school on lockdown and set up a perimeter around the gym.

Before the police could enter the gym, an officer observed appellant walking away from the building towards them. The officer noticed appellant's clothing matched that worn by one of the students in the Instagram photo. Officer Ezra Tafesse testified that he and another officer "approached [appellant] and he was then handcuffed and detained. . . . [W]e searched him and we did not find the same backpack that we had seen in the photo." The officer did not provide appellant with a *Miranda* warning before asking him "if he had [the backpack pictured in the Instagram photo] inside the gym." Appellant replied, "[Y]eah, the red backpack that said 'Rebels' on it [is] inside the gym." The police then searched the students and the gym, eventually finding the backpack under retracted bleachers. The police found a nonserialized, semiautomatic pistol equipped with an extended magazine inside the backpack. Appellant was subsequently arrested.

At trial, appellant asserted Officer Tafesse's backpack question violated *Miranda*. The trial court overruled the objection and explained, "At this point I don't believe it was a custodial arrest."

Based upon the evidence, the trial court found the charge to be true beyond a reasonable doubt. In explaining its reasoning, the trial court noted "very distinct similarities" between what appellant was wearing when he was arrested compared to "what the minor [on] the left of [the Instagram photo] is wearing." The court also focused on the similarities between the gun and backpack that were in the Instagram post and "what was ultimately found in the gym." Appellant timely appealed.

2

## II. DISCUSSION

The trial court overruled appellant's *Miranda* objection on the premise that appellant was not subject to a custodial arrest. On appeal, appellant contends he was subject to a custodial arrest because the police created a "coercive atmosphere" where no reasonable person would have felt free to leave. We need not resolve this issue because, even accepting appellant's claim that he was subject to a custodial arrest at the time of questioning, his statement to police was admissible under the public safety exception to *Miranda*.[2]

### A. *Public Safety Exception to* Miranda

*Miranda*, requires "procedural safeguards . . . to secure the privilege against self-incrimination," including warning a defendant "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." (*Miranda, supra*, 384 U.S. at p. 444.) However, the United States Supreme Court carved out "a 'public safety' exception" to the requisite *Miranda* warnings. (*New York v. Quarles* (1984) 467 U.S. 649, 655–656 (*Quarles*).)

In *Quarles*, a woman approached two police officers stating she had just been raped and indicating the assailant recently entered a nearby store carrying a gun. One officer entered the store, located the suspect, and detained him. (*Quarles, supra*, 467 U.S. at pp. 651–652.) The officer noticed the suspect's empty shoulder holster and asked him where his gun was located. (*Id.* at p. 652.) The suspect nodded toward some cartons and said,

---

[2] " ' "In considering a trial court's order . . . ' "we review the trial court's result for error, and not its legal reasoning." ' " [Citation.] We " 'affirm the judgment if it is correct on any theory.' " ' " (*Beasley v. Tootsie Roll Industries, Inc*. (2022) 85 Cal.App.5th 901, 911.)

" 'the gun is over there.' " (*Ibid*.)  The officer retrieved the weapon and then advised the suspect of his rights under *Miranda*.  (*Quarles*, at p. 652.)  The trial court excluded evidence of the gun and the defendant's statement about the location of the gun because the officer had not provided the defendant with *Miranda* warnings prior to asking about the weapon.  (*Quarles*, at pp. 652–653.)

The Supreme Court reversed the trial court's ruling, holding the initial questioning of the suspect did not violate *Miranda* because "the need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination."  (*Quarles*, *supra*, 467 U.S. at p. 657.)  The court explained, "So long as the gun was concealed . . . with its actual whereabouts unknown, it obviously posed more than one danger to the public safety: an accomplice might make use of it [or] a customer or employee might later come upon it."  (*Ibid*.)

Appellant argues the current matter is distinguishable from *Quarles* because "[t]he police had put the school on lockdown and were already going to search the gymnasium."  Thus, argues appellant, there was no "immediate necessity" to locate the gun.  We disagree.  Here, the unknown location of the gun posed even greater risks than in *Quarles* because appellant was photographed with the weapon *and* another individual.  That second individual could have had possession of, or access to, the weapon.  Moreover, the presence of numerous students and school staff heightened the possibility that another person could have found the firearm.

We further note appellant has not identified any case in which the public safety exception to *Miranda* did not allow officers to question a suspect about the location of a recently discarded weapon.  To the contrary, courts

4

regularly apply the public safety exception in such situations.  (See, e.g., *People v. Sims* (1993) 5 Cal.4th 405, 451 [exception applied to questioning suspect about possible firearms in the room]; *People v. Simpson* (1998) 65 Cal.App.4th 854, 861–862 [exception applied to question suspect about guns in his residence "to protect police officers or the public from the dangers that would be immediately encountered once the police attempted to enter [the] residence to execute their warrant"].)

Appellant also argues the officer's question elicited little additional information because he "merely confirmed that [the gun] was in the gymnasium"—the location the police were already planning to search.  But this argument is irrelevant.  We are unaware of any authority suggesting the usefulness of the information provided is relevant to the applicability of the public safety exception.  Moreover, we fail to see how confirming a weapon's location is not useful.  At the time the officers questioned appellant, they did not know the location of the weapon—particularly because appellant was detained outside of the gym—or if it was in someone else's possession.

Accordingly, appellant's statement to the police falls within the public safety exception to the *Miranda* requirement.

## B.  Harmless Error

Even assuming the court erred in admitting appellant's statement, any error was harmless.  "When statements are obtained in violation of *Miranda* . . . , the error is reviewed under the federal 'harmless beyond a reasonable doubt' standard." (*In re I.F.* (2018) 20 Cal.App.5th 735, 781.)  Here, the trial court focused on the "very distinct similarities between what the minor on the left of [the Instagram photo was] wearing" and appellant's attire at the time he was detained.  The court also noted the gun and backpack depicted in the Instagram photo matched the items found in the gym.  This evidence

sufficiently connected appellant to the gun and the backpack in which it was located, and we decline to conclude appellant's statement was essential to the trial court's judgment. Thus, even assuming the appellant's statement was improperly admitted, which it was not, any resulting error was harmless.

### III. DISPOSITION

We affirm the trial court's judgment.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BOWEN, J.*

A165119
*In re R.G.*

---

\* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.